UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N"(5) |
| | JUDGE ENGELHARDT |
| KAYONNA HOLLOWAY, | MAG. JUDGE NORTH |
| | COMPLANT & JURY DEMAND |
| Plaintiff(s), | Civil Action No.: 17-CV-5794 |
| vs. | |
| Sandoz, Inc., Accord Healthcare, Inc. McKesson Corporation d/b/a McKesson Packaging, Hospira Worldwide, Inc. Sun Pharma Global, Inc. Pfizer, Inc. Actavis Pharma, Inc., | |
| Defendant(s). | |

## SHORT FORM COMPLAINT

Plaintiff(s) incorporate by reference the Master Long Form Complaint and Jury Demand filed in the above-referenced case on March 31, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:
   KAYONNA HOLLOWAY

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

1

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

_____

4. Current State of Residence: __Louisiana_____

5. State in which Plaintiff(s) allege(s) injury: __Louisiana_____

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

      ☐ A. Sanofi S.A.

      ☐ B. Aventis Pharma S.A.

      ☐ C. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

      ☐ D. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

      ☒ A. Sandoz, Inc.

      ☒ B. Accord Healthcare, Inc.

      ☒ C. McKesson Corporation d/b/a McKesson Packaging

      ☒ D. Hospira Worldwide Inc.

      ☐ E. Hospira Inc

      ☐ F. Sun Pharma Global FZE

      ☒ G. Sun Pharma Global Inc.

      ☐ H. Caraco Pharmaceutical Laboratories Ltd.

      ☒ I. Pfizer Inc.

      ☐ J. Allergan Finance LLC f/k/a Actavis Inc.

      ☒ K. Actavis Pharma Inc.

2

☐ L. Other:

7. Basis for Jurisdiction:

☒ Diversity of Citizenship

☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

USDC EDLA

9. Brand Product(s) used by Plaintiff (check applicable):

☐ A. Taxotere

☐ B. Docefrez

☒ C. Docetaxel Injection

☒ D. Docetaxel Injection Concentrate

☐ E. Unknown

☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> FEBRUARY 2016 THRU APRIL 2016

11. State in which Product(s) identified in question 9 was/were administered:

> Louisiana

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Permanent hair loss

13. Counts in Master Complaint brought by Plaintiff(s):

   [x] Count I – Strict Products Liability - Failure to Warn
   [x] Count II – Strict Products Liability for Misrepresentation
   [x] Count III – Negligence
   [x] Count IV – Negligent Misrepresentation
   [x] Count V – Fraudulent Misrepresentation
   [x] Count VI – Fraudulent Concealment
   [x] Count VII – Fraud and Deceit
   [x] Count VIII – Breach of Express Warranty (Sanofi Defendants only)

   [x] Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

TAXOTERE® contains a vice or defect which renders it useless or its use so inconvenient that consumers would not have purchased it had they known about the vice or defect. Pursuant to Louisiana Civil code article 2520, a seller warrants the buyer against redhibitory defects, or vices, in the thing sold. TAXOTERE®, which was sold and promoted by Defendants, possesses a redhibitory defect because it is unreasonably dangerous, which renders TAXOTERE® useless or so inconvenient that it must be presumed that Plaintiff would not have bought TAXOTERE® had she known of the defects.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: Andrew Geiger Bar No. 32467
Allan Berger Bar No. 2977
Allan Berger & Associates
4173 Canal Street
New Orleans, LA 70119
Phone: 504-486-9481
Fax: 504-483-8130
ageiger@bergerlawnola.com

Brian King, La. Bar #24817
Jason F. Giles, La. Bar #29211
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470
bking@kinginjuryfirm.com
Attorneys for Plaintiff

5